```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

STATE OF INDIANA, LITTLE       )
CALUMET RIVER BASIN            )
DEVELOPMENT COMMISSION,        )
                               )
Plaintiff,                     )
                               )
     v.                        )    NO. 2:06-CV-358
                               )
NORFOLK SOUTHERN RAILWAY,      )
et al.,                        )
                               )
Defendants.                    )
```

## OPINION AND ORDER

This matter is before the Court on: (1) the Motion for Default Judgment and (2) the Motion to Dismiss Defendant both filed by Plaintiff on April 25, 2007. For the reasons set forth below, the Motion for Default Judgment is **DENIED** and the Motion to Dismiss Defendant is **GRANTED**.

Motion for Default Judgment

Before default can be entered, the Court must have jurisdiction over the party against whom the judgment is sought, which means that the party must have been properly served with process. *See, e.g., Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). Here, Plaintiff's sole assertion that Defendant CRC Properties, Inc. was served with the complaint and summons by

publication is insufficient to establish that service was proper. Accordingly, Plaintiff's Motion for Default Judgment is **DENIED**.

Motion to Dismiss Defendant

In addition, Plaintiff requests dismissal of Defendant Wolverine Pipeline Company ("Wolverine") pursuant to Rule 41(a)(2), which provides in pertinent part: "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The Court may exercise its discretion in ruling upon a motion under Rule 41(a)(2). *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177 (7th Cir. 1994). Voluntary dismissal is inappropriate, however, where a defendant will suffer plain legal prejudice. *See, e.g., Wojitas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). "Some of the factors justifying denial are the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

Here, no evidence on the record suggests that Wolverine will suffer prejudice if it is voluntarily dismissed without prejudice.

2

Wolverine has not appeared, answered, or otherwise defended this cause of action. And nothing indicates that Plaintiff is using dismissal as a litigation tactic. In fact, in this eminent domain case, during the status hearing held on April 18, 2007, Plaintiff advised that since a surveyor has more accurately defined the boundaries of the land at issue, Plaintiff believes Wolverine has no interest in this case.  Accordingly, Plaintiff's Motion to Dismiss Defendant is **GRANTED**, and Wolverine is hereby dismissed from this action without prejudice.


**DATED: May 2, 2007**                          /s/ RUDY LOZANO, Judge
                                                **United States District Court**

3